JUNE, 1823.

### Thomas McConnell *against* James White.

*Judgment confessed, writ of Error afterwards taken, Appellate Court will affirm with damages.*

THE Chief Justice delivered the opinion of the Court.

This was an action of Debt by the defendant against the plaintiff in Error. The declaration sets out, that a promissory Note made by certain persons to *White*, was afterwards indorsed by *McConnell with his promise to pay the* amount; and avers that by reason of said indorsement, and of the money remaining unpaid after the day by the Note appointed for payment, said *McConnell* became liable, &c. At a subsequent term *McConnell* withdrew his plea, and confessed the plaintiff's right of action for a stated amount of Debt and interest; on which confession judgment was rendered.

*McConnell* now assigns as Error—

1. That no liability or cause of action against him is shewn in the declaration.

2. That no demand of the makers, or notice to the indorser, is averred.

3. The action is Debt by payee against the indorser of a promissory Note.

All the assignments are on proceedings had in the cause before the rendition of judgment, and which in legal presumption were known to the plaintiff in Error before and at his confession of judgment. Our Statute provides that "Judgment on confession shall amount to a release of Errors." In the case of *Caller* against *Denson* (ante, p. 19,) the plaintiff in Error came into the Court below without Writ or declaration, and confessed a judgment; and this Court decided that, by the operation of this Statute, Errors were released, and affirmed the judgment.

In this case the counsel for the plaintiff in Error contends, that if the judgment should not reversed, the judgment here should be, that the plaintiff be barred of his writ of Error; and not that the judgment of the Court below be affirmed. We cannot perceive the reason of the principle which would place a party who had released all Errors, in a better situation than one who has supposed, or seemed to suppose, that there was Error in the judgment against him. On the affirmance in cases of this latter description the law subjects the plaintiff in Error to damages. It would seem because he knew or ought to have known that there was no Error in the judgment which he has superseded, and thereby injured the other party. How much more properly may we say that a party superseding a judgment in which he has in effect acknowledged that there is no Error, or, if any,

that he releases all benefit of it, shall be subject to damages under the Statute.

Let the judgment be affirmed.

*White* and *Gordon* for plaintiff.

*H. G. Perry* for defendant in Error.